UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-01404-WYD-PAC

DAVID SILVA,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,

    Defendant.
_____

**ORDER**
_____

I.    INTRODUCTION

THIS MATTER is before the Court on a review of the Commissioner's decision that denied Plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433 and 1381-1383c. Plaintiff's applications, filed on September 19, 2002 (Transcript ["Tr."] at 51-53, 177-80) were initially denied on January 19, 2003. *Id.* at 32-36. Plaintiff then requested a hearing. After a hearing on September 10, 2003 and October 6, 2003 (*id.* at 187-97), Administrative Law Judge ["ALJ"] Nicholas LoBurgio issued an unfavorable decision on January 15, 2004, finding that Plaintiff was not disabled and not entitled to disability insurance benefits or supplemental security income*. Id .* at 9-19.

In the decision, the ALJ found at step one of the five-step sequential analysis required by law that there is no evidence that Plaintiff engaged in any substantial

gainful activity since the alleged onset date of June 2, 2001.  Tr. at 1-2.  At steps two and three, the ALJ found that Plaintiff has severe impairments that do not meet or equal the Listings; namely, "atypical polyarthralgia, Raynaud's phenomenon, and Reiter's syndrome."  Tr. at 13, 18.

The ALJ then proceeded to evaluate Plaintiff's residual functional capacity ["RFC"].  *Id.* at 14-17.  He found that Plaintiff "has the residual functional capacity for a limited range of light work with the following restrictions: lift and carry 20 pounds occasionally, 10 pounds frequently; sit, stand and walk, each for a maximum of 30 minutes at a time, each up to 4 hours in an 8-hour day, with regular breaks; no ladder, rope, or scaffold climbing; occasional ramp/stair climbing, balancing, stooping, kneeling, crouching, crawling, driving, handling, and fingering; avoid a concentrated exposure to temperature extremes and humidity and wetness; and avoiding work at unprotected heights."  *Id.* at 17.  In making this determination, the ALJ found that Plaintiff's testimony was "basically credible"; however, "it does not support the conclusion that he is disabled."  *Id.* at 18.

At step four, the ALJ found that Plaintiff could not perform his past relevant work as a cook, home health care attendant, landscaper, maintenance worker, and flagger.  Tr. at 17, 18.  This was based on the fact that the past work was either medium to heavy, or if it was light, required Plaintiff to stand more than 4 hours a day.  *Id.* at 17.  These requirements did not fit within Plaintiff's RFC of a limited range of light work.  *Id.*

The ALJ then proceeded to step five.  He considered Plaintiff's age (25 years old at the time of the decision, constituting a "younger individual"), education (limited),

vocational factors, RFC, and the testimony of a vocational expert ["VE"]. Tr. at 17. The VE testified that a hypothetical person with a RFC and vocational factors identical to that of Plaintiff was able to perform work as a bus monitor, dealer accounts investigator, surveillance systems monitor, and call-out operator. *Id*. The VE testified that with regard to the last position, the number of available jobs would be eroded by 40% due to the claimant's need for frequent position changes. However, there were still 108,200 jobs in the national economy and 1,853 jobs in Colorado for Plaintiff to perform. *Id*. The ALJ accepted the VE's testimony and found that there are a significant number of jobs in the national economy which Plaintiff is capable of performing. *Id*. He thus found that Plaintiff was "not disabled" at any time relevant to the decision. *Id.*

Plaintiff timely filed a Request for Review with the Appeal Council on January 23, 2004. Tr. at 8. The Appeals Council declined review of the ALJ's determination on April 8, 2004 (Tr. at 5-7), making the case final for judicial review. This Court has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g).

II.  ANALYSIS

   A.  Standard of Review

A Court's review of a finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). It requires more than a scintilla of

evidence but less than a preponderance of the evidence. *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although the court should carefully examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

    B.    <u>Analysis of Plaintiff's Arguments</u>

        1.    <u>Whether the ALJ Erred at Step Three of the Analysis</u>

Plaintiff first argues that the ALJ erred at step three in connection with his findings that Plaintiff's impairments, while severe, do not meet or equal the Listings. More specifically, it is argued that while the ALJ found that Plaintiff's impairments did not meet certain specified Listings, he failed to make specific findings tied to the evidence about his conclusion at step three. I find that a remand to the Commissioner is required on this ground.

At step three of the analysis, "the ALJ determines whether the claimant's impairment is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges as so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The ALJ must discuss the evidence supporting his decision at this step and "the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.*

He also must "link his findings to specific evidence." *Drapeau v. Massanari*, 255 F.3d 1211, 1213(10th Cir. 2001).

In this case, the ALJ did not discuss the medical evidence that was relevant to his decision at step three, nor did he link his conclusions to specific findings. Thus, I am unable to determine whether his conclusion that "[t]he claimant does not have an extreme limitation in his ability to ambulate or perform fine or gross movements with his upper extremities" (Tr. at 14) is supported by substantial evidence. Accordingly, I agree with Plaintiff that this case should be remanded to the Commissioner so that a proper analysis at step three can be undertaken.

### 2. Whether the ALJ Erred in Not Giving Controlling Weight to Plaintiff's Treating Physiciansb

Plaintiff argues that the ALJ erred in rejecting certain limitations imposed by Plaintiff's treating physician, Dr. Sibbett, while accepting most of the others. *See* Tr. at 16. More specifically, in addition to other limitations which the ALJ found were supported by the record, Dr. Sibbett also opined that Plaintiff would be intermittently impaired in his ability to hear, and that Plaintiff was restricted from dust and fumes. Tr. at 176. The ALJ stated that he was rejecting these limitations because "Dr. Sibbett did not explain how the claimant's hearing was impaired or why dust or fumes affect arthritis." *Id*. at 16. I find that this was not supported by substantial evidence and that a remand is proper on this issue.

I first note generally that an ALJ is "required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments,

including symptoms, diagnosis and prognosis, and any physical or mental restrictions, if 'it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.'" *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) (quotation omitted); *see also* 20 C.F.R. § 404.1527(d)(2); Soc. Sec. Ruling 96-2p. However, a treating physician's report can be rejected "if it is brief, conclusory and unsupported by medical evidence" or is "not supported by specific findings." *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988). "The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." *Goatcher v. U.S. Dept. of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995).

In the case at hand, while the ALJ gave a specific reason for rejecting Dr. Sibbett's findings at issue, I find this reason is not an adequate reason under the law. As stated above, the only reason for rejecting the statement was that Dr. Sibbett did not explain these limitations. I have found no law that requires a physician to explain or substantiate findings made on examination of a patient. Further, the Tenth Circuit is clear that "'[i]n choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation, or lay opinion.*'" *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (quoting *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002)). In other words, the ALJ was not entitled to speculate that hearing

-6-

loss or exposure to dust and fumes are related to Plaintiff's impairments. He was required to defer to the physician.

Further, when an ALJ decides that a treating physicians' opinions are not dispositive and not entitled to controlling weight, that does not allow him to reject their opinions outright. *Langley*, 373 F.3d at 1120. Instead, their opinions are "'still entitled to deference and [should be] weighed using all of the [relevant] factors.'" *Id.* (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)). There is no indication in the record that the ALJ gave these findings deference and weighed them using the appropriate factors. Finally, if the ALJ had questions about Dr. Sibbett's findings or did not understand how these findings were relevant to Plaintiff's impairments, he was required to contact Dr. Sibbett to obtain the answer. *See* 20 C.F.R. § 404.1512(e)(1).

### 3.   Whether the ALJ Committed Other Errors That Require Remand

Plaintiff argues that the ALJ failed to take all of Plaintiff's limitations into account when determining Plaintiff's RFC. As addressed above, the ALJ clearly did not take into account Dr. Sibbett's noted limitations related to hearing loss and exposure to dust and fumes. Plaintiff also argues that these limitations were improperly excluded from the hypothetical question given to the VE. I found in the previous section that a remand is proper to adequately address these limitations. Upon remand, if the ALJ determines that theses limitations are supported by the record, the ALJ obviously must reassess Plaintiff's RFC. He further must obtain new vocational testimony that relies on a proper hypothetical question containing all of Plaintiff's impairments. *See Gay v. Sullivan*, 986 F.2d 1336, 1340 (10th Cir. 1993) (testimony elicited by hypothetical questions that do

not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision).

Plaintiff also argues that the ALJ did not address Plaintiff's fatigue and how it affects the RFC. I agree with Plaintiff and find that a remand is also proper on this ground. The ALJ discounted without any discussion the evidence of fatigue. *See* Tr. at 100-103, 111, 151. Similarly, while the ALJ found Plaintiff's testimony to be generally credible, he ignored Plaintiff's complaints of fatigue. In assessing Plaintiff's RFC, an ALJ is required to consider and make detailed findings as to all of Plaintiff's impairments, both exertional and nonexertional, and determine how they impact RFC. *See Spicer v. Barnhart*, 64 Fed. Appx. 173, 175-76 (10th Cir. 2003) (quoting Social Security Ruling 96-8p). As to symptoms such as pain and fatigue, the regulations impose a two-step process for evaluating these symptoms, as detailed in SSR 96-7. The ALJ erred in not conducting this analysis as to fatigue.

III. CONCLUSION

Based upon the errors described above, I find that this case must be reversed and remanded for further fact finding consistent with this Order.

Accordingly, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g) to make further findings consistent with this Order.

Dated this 22nd day of December, 2005.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge