UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-01404-WYD-PAC

DAVID SILVA,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,

    Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ["EAJA"] filed March 22, 2006. The Government filed a response in opposition to Plaintiff's motion on March 27, 2006, arguing that the Commissioner's position was substantially justified. A reply was filed by Plaintiff on April 11, 2006.

Plaintiff's motion seeks an award of attorney's fees as a result of a Judgment issued in favor of Plaintiff on December 22, 2005. The Judgment was entered after the Court issued an Order on December 22, 2005, which reversed the Commissioner's decision denying Plaintiff disability insurance benefits and remanded the case to the Commissioner. Plaintiff seeks an award of fees in the amount of $4,151.57, supported by an Affidavit of counsel that provides a description of the time spent by counsel on the case and an exhibit regarding the calculation of the rate of the fees.

Turning to my analysis, the EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the Government's position was substantially justified rests with the Government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995), *cert. denied*, 516 U.S. 806 (1995). "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, the Government's position must have had a reasonable basis in both law and fact. *Id.* The term "position" includes the Government's arguments both at the underlying agency stage and during any subsequent litigation. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

The Tenth Circuit has held that the government must establish the existence of three elements to meet the reasonableness test: (1) a reasonable basis for the facts asserted; (2) a reasonable basis in law for the legal theory proposed; and (3) support for the legal theory by the facts alleged. *Harris v. Railroad Retirement Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993); *see also Pettyjohn v. Chater*, 888 F. Supp. 1065, 1067 (D. Colo. 1995). The government's position does not need to be "'justified to a high degree,' but rather 'justified in substance or in the main.'" *Pierce*, 487 U.S. at 565. The government's position must be "more than 'merely undeserving of sanctions for frivolousness.'" *Id.* at 566. However, a "position can be justified even though it is not

correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct. . . . " *Id.* at 566 n. 2.

In the case at hand, while the issue is close, I find that the Commissioner has not met its burden of showing that its position was substantially justified. The Commissioner defended a case where the ALJ used his own lay opinion to discount a treating physicians' opinions; failed to make a valid step three analysis thus making review for substantial evidence impossible, and credited Plaintiff's testimony while completely ignoring and failing to discuss his complaints of fatigue or the effect of fatigue on his ability to work. Viewed in the totality of the circumstances, I find that the Commissioner's decision was not based on a reasonable interpretation of the law or facts, and therefore was not substantially justified. Accordingly, I grant Plaintiff's request for fees, finding that the fees sought by Plaintiff's counsel, as well as the rate of such fees, are reasonable.

It is therefore

ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act filed March 22, 2006, is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of $4,154.57, to be made payable to Plaintiff's counsel Elliot L. Bloodsworth.

Dated: April 21, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge